# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

      Plaintiff,

v.                                                                      Civil No. 1:06-cv-81
                                                                   (Judge Keeley)

JOYCE FRANCIS, Warden,

      Defendant.

## REPORT AND RECOMMENDATION

On May 22, 2006, the Court received a letter from the plaintiff in which he made several claims that he was not receiving adequate medical care while incarcerated at the Gilmer Federal Correctional Institution ["FCI-Gilmer"]. Attached to that letter were two administrative remedy responses from Warden Joyce Francis. Accordingly, the letter was construed as a civil rights complaint and a case was initiated on plaintiff's behalf on May 24, 2006. Consequently, as is standard practice in all *pro se* cases, the plaintiff was sent a Notice of General Guidelines for Appearing Pro Se in Federal Court. In addition, because plaintiff had not paid the filing fee or requested permission to proceed as a pauper, the Clerk sent plaintiff a Notice of Filing Fee Deficiency which contained the forms necessary for plaintiff to request *in forma pauperis* status.

On June 1, 2006, the Court received a letter from the plaintiff which states that he did not intend to initiate a civil rights case with his letter. Instead, plaintiff asserts that he was merely informing the Court of the ongoing constitutional violations occurring at FCI-Gilmer. Plaintiff also states that he eventually plans to pursue a civil rights action, but that his administrative remedies are not currently exhausted.

On June 7, 2006, the Court received a third letter from the plaintiff. In this letter, plaintiff asserts that he now intends to pursue the issues raised in his original letter. In addition,

plaintiff states that in the Notice of General Guidelines he received, the Court states that his case is subject to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of West Virginia. Further, the notice states that if these materials are not available at the prison law library, the plaintiff should inform the Court. In turn, the Court will contact the facility to ensure that those materials are made available. In his third letter, plaintiff asserts that the Local Rules of this Court are missing from FCI-Gilmer's law library and he requests that the Court contact the facility and make those documents available as set forth in its Notice.

## I. Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added).

The Bureau of Prisons ["BOP"] makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative

---

[1] Porter at 524.

Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

In his original letter, the plaintiff attached two administrative remedy responses from the institutional Warden. Those responses only show that plaintiff completed the first level of the BOP's formal administrative remedy process. Also, in his letter of June 1, 2006, plaintiff concedes that he has not completed the administrative remedy process with regard to his claims. Thus, it is clear that the claims raised in the instant complaint were not exhausted at the time this case was filed. Accordingly, the complaint should be dismissed without prejudice.

## II.  Request for Local Rules

Pursuant to the Notice of General Guidelines, the Clerk is directed to send plaintiff a copy of the Local Rules of the Northern District of West Virginia. In addition, the Clerk is directed to send a copy of the local rules, along with a copy of this Order, to Warden Joyce Francis. The Court requests that Warden Francis provide a copy of this Court's Local Rules to

the prison law library to be used by the inmates at that facility.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within ten (10) days after being served with a copy of this Report and Recommendation, and party may file written objections with the Clerk of Court. The written objections shall identify those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[2]

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record. Additionally, as set forth within, the Clerk is also directed to send a copy of this Order to Warden Joyce Francis.

DATED: June 15, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2] See 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).